UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE SNELLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02220 AGF |
| ) | |
| MICHELIN NORTH AMERICA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss filed by numerous Defendants, and Plaintiff's motion for leave to file an amended complaint.  For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint shall be denied, and this action shall be dismissed for failure to state a claim.

## BACKGROUND

Plaintiff Lonnie Snelling filed this seven-count action pro se on November 29, 2010, against over 30 Defendants.  The Defendants include corporate entities Plaintiff has sued over the past 13 years in a number of different lawsuits, the individual attorneys and law firms who represented those entities, various State Circuit, Appellate, and Supreme Court judges who presided over those lawsuits, and a reporter and newspaper that reported about his litiginous history.  Plaintiff asserts that various Defendants violated his constitutional rights in connection with the prior lawsuits and/or conspired with other Defendants to do so, all in violation of his constitutional rights, for which he seeks redress under 42 U.S.C. § 1983.  The constitutional rights that he claims were violated

include his "property rights in his state torts claims," and "the rights to use the state court system without duress."

Several of the Defendants who have been served have moved to dismiss the complaint as to them for failure to state a claim. Several Defendants remain unserved. Plaintiff did not respond to the motions to dismiss but rather filed a motion for leave to file an amended complaint, which adds additional parties, including more state court judges, as Defendants.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source). This, however, requires more than mere "labels and conclusions," and the complaint must state a claim that is "plausible on its face." *Twombly*, at 570.

Although pro se complaints are to be construed liberally, they still "must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "'[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.'" *Stringer v. St. James R-1 Sch.*

*Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

To state a claim under § 1983, a plaintiff must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  In order to state a claim against a private actor, a plaintiff may allege a conspiracy, or joint participation, between the private actor and a state official to deprive the plaintiff of his constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010).

The Court has reviewed Plaintiff's complaint under the above standards and concludes that it fails to state a claim against any of the named Defendants.  There is no § 1983 liability against an attorney for being on the winning side of a lawsuit. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with a judge."); *see also Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) ("A private person does not conspire with a state official merely by invoking an exercise of the state official's authority.")

The claims against the non-attorney private Defendants are similarly meritless due to the absence of sufficient allegations of a meeting of the minds with a state actor.  With respect to the judicial Defendants, none of the facts pleaded, even if true, would

overcome judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991). The Court has also reviewed Plaintiff's proposed amended complaint (Doc. No. 50-1), and concludes that the §1983 claims asserted therein suffer from the same pleading deficiencies as the original complaint. The Court declines to exercise pendant jurisdication over any state claims in the proposed amended complaint. See 28 U.S.C. §1367(c)(3). Plaintiff's motion to file the proposed amended complaint will therefore be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that this action is dismissed for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file an amended complaint is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2011.